**GERBER v. SCHOFIELD, City Director of Public Safety et al.**

No. 4413.

Circuit Court of Appeals, Third Circuit.

July 11, 1930.

David Wallerstein and A. J. Nydick, both of Philadelphia, Pa., for appellant.

Augustus Trask Ashton, City Sol., G. Coe Farrier, Asst. City Sol., and Thomas B. K. Ringe, all of Philadelphia, Pa., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

█ On its face, the plaintiff's bill presents an actionable cause. It is averred that the plaintiff is the holder of a federal permit under the provisions of the act of Congress, authorizing him to withdraw and use specially denatured alcohol in the manufacture of toilet waters, perfumes, and kindred lines of commercial preparations. That in February of 1930, the plaintiff manufactured and prepared a quantity of Albena lilac toilet water, under a formula duly approved by the Commissioner of Prohibition, at Washington, and in the same month manufactured another quantity of Albena toilet water, under a formula also duly approved by the Commissioner of Prohibition; that a reasonable value of the said goods was in excess of $3,000; that the said products, so manufac-

tured, have been sold to the Arnold Trading Company of Camden, N. J., and the plaintiff is prepared to deliver the same, as is his right to do, under the act of Congress aforesaid; that, notwithstanding the plaintiff's right to sell and deliver the product, the defendants have notified the plaintiff that, if he should attempt to make delivery of said product, defendants will at once seize and confiscate the same, and will prevent, or attempt to prevent, the delivery of the same to the purchaser; that, in pursuance of said notice and threat, the defendants have caused to be stationed at plaintiff's place of business certain police officers of the city of Philadelphia, in order to carry out the said threat and prevent the delivery of the said product. The court below, on opinion filed, upon motion of defendants' counsel, dismissed the bill of complaint, 43 F.(2d) 222, from which action of the court this appeal is taken.

The motion to dismiss the bill operates as a demurrer, in which the facts, well pleaded, must be assumed to be true. This being so, the averments of the bill make out such an invasion of plaintiff's rights, as not only to justify but call for relief. This is true whether the defendants are state or municipal officers, or whether they are acting together as private citizens. What answer may be set up, raising questions of fact or law, we do not know, and will not concern ourselves at this time with idle speculation.

The order or decree dismissing the bill of complaint is, therefore, reversed, and the bill reinstated.